UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE JIMENEZ,<br><br>       Plaintiff,<br><br>    -against-<br><br>STATE OF NEW YORK, INMATE JOHN DOE #1; INMATE JOHN DOE #2; INMATE JOHN DOE #3; INMATE JOEL ESCOBAR; INMATE CUSH WRIGHTEL; CORRECTIONAL OFFICER A. BLAIR; CORRECTIONAL OFFICER I. MATOS, SUPERINTENDENT MARK MILLER,<br><br>       Defendants. | 26-CV-1919 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Jose Jimenez ("Plaintiff"), who currently is incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this Action pro se under 42 U.S.C. § 1983 ("Section 1983"), alleging that he has been assaulted and denied medical attention on several occasions. (*See generally* Compl. (Dkt. No. 1).) By order dated June 9, 2026, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1]

### I. Standard of Review

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's in forma pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. 28 U.S.C. § 1915(b)(1).

immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007).  A court must also dismiss a complaint if it lacks subject matter

jurisdiction over the claims alleged.  Fed. R. Civ. P. 12(h)(3).

## II.  Discussion

### A.  State Sovereign Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state."  *Id*.  New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting Section 1983.  *See Trotman v. Palisades Interstate Park

Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's Section 1983 claims against the State of

New York are therefore barred by the Eleventh Amendment and must be dismissed.  28 U.S.C.

§ 1915(e)(2)(B)(iii).

### B.  Order of service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service (the "Marshals") to effect service.[2]  *Walker v. Schult*, 717

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date on which summonses are issued.

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (recognizing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Superintendent Mark Miller, Correctional Officer A. Blair, and Correctional Officer I. Matos (collectively "Defendants") through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. [3]  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals all the paperwork necessary for the Marshals to effect service upon Defendants.

If the Complaint is not served within 90 days after the date on which the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.  Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of

---

[3] At the initial pre-trial conference, the Court will address serving the named prisoner Defendants and identifying the John Doe prisoner Defendants with the Parties.

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

### III.  Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's claims against the State of New York as barred by the Eleventh Amendment.  28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is respectfully directed to issue a summons for Defendants Superintendent Mark Miller, Correctional Officer A. Blair, and Correctional Officer I. Matos, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff with an information package.

Lastly, Local Rule 33.2 applies to this case, and Defendants must comply with it after they are served.

SO ORDERED.

Dated:    June 16, 2026
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESSES FOR DEFENDANTS**

1.    Superintendent Mark Miller
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582

2.    Correctional Officer A. Blair # 62285
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582

3.    Correctional Officer I. Matos # 62456
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582